IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cv-02052-ZLW-KLM

STACY LYNN FOSTER,

     Plaintiff,

vs.

KEVIN M. DOUGHERTY, Sheriff of Teller County, and
DEPUTY DOUG ZUREK,

     Defendants.

---

## UNOPPOSED MOTION FOR STIPULATION AND PROTECTIVE ORDER

DEFENDANTS move for a stipulation and protective order. As grounds therefor, Defendants state as follows:

1.    All parties have, in good faith, conferred with regard to this Stipulation and Protective Order and have stipulated to the same as evidenced by counsels' signatures to the Stipulation and Protective Order submitted contemporaneously with this motion as filed.

2.    The parties have agreed to enter into a Stipulation and Protective Order and respectfully request that this Court enter such protective order for the purpose of preventing the disclosure and use of confidential information which is set forth in the Stipulation and Protective Order.

WHEREFORE, undersigned counsel respectfully requests and moves this Court for a protective order as stipulated and provided contemporaneously with this motion.

Respectfully submitted,

Date: October 2, 2007

 s/ Gordon L. Vaughan
Gordon L. Vaughan
Sara Ludke Cook
VAUGHAN & DeMURO
111 South Tejon, Suite 410
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
vnd@vaughandemuro.com (e-mail)
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Ann Phillips Kaufman**
akaufman@kauflev.com; slang@kauflev.com

**Rick B. Levinson**
whale@kauflev.com; slang@kauflev.com

**Lori M. Moore**
lmoore@rmjblaw.com; cbrandon@rmjblaw.com

and I hereby certify that the foregoing was placed in the U.S. Mail, postage prepaid, and addressed to the following:

[none]

 s/ Gordon L. Vaughan
Gordon L. Vaughan
VAUGHAN & DeMURO
111 South Tejon, Suite 410
Colorado Springs, CO 80903
719-578-5500 (phone)
719-578-5504 (fax)
vnd@vaughandemuro.com (e-mail)
ATTORNEY FOR DEFENDANTS

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cv-02052-ZLW-KLM

STACY LYNN FOSTER,

     Plaintiff,

vs.

KEVIN M. DOUGHERTY, Sheriff of Teller County, and
DEPUTY DOUG ZUREK,

     Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

The Parties, by and through their undersigned counsel, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and as grounds therefor state as follows:

    1.    Plaintiff has requested confidential information contained within the files of Jonathan Olin, M.D. pertaining to Plaintiff, to include, but not limited to, the raw data generated by any and all psychiatric testing of Plaintiff. In addition, the parties anticipate seeking additional confidential information during discovery and that there will be questioning concerning confidential information in the course of depositions. The parties assert that the disclosure of such information outside the scope of this litigation could result in injury to the business and privacy interests of one or more of the parties. In order to protect the confidentiality of this information, the parties have entered into this stipulation

and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of such information except as set forth herein.

2.    "Confidential Information" means all documents produced from any files from Jonathan Olin, M.D. pertaining to Plaintiff, to include, but not limited to, the raw data generated by any and all psychiatric testing of Plaintiff, as well as any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the Parties in the manner provided in paragraphs 7 and 8 below as CONFIDENTIAL.

3.    Information designated as CONFIDENTIAL shall first be reviewed by a lawyer and the designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4.    Confidential information shall not be disclosed or used for any purposes outside of this litigation. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

5.    Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the litigation of this case;

(c)     the parties, including the parties' employees, officers, and directors actively participating in the litigation of this case;

(d)     expert witnesses and consultants, specifically licensed psychologists or psychiatrists who present requisite expertise in the testing fields made a subject of the records, retained in connection with this case, to the extent such disclosure is necessary for the litigation of this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and

(g)     other persons by written agreement of the parties.

6.     Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed affidavit in the form attached to this Order as Attachment A, stating that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the Court for purposes of enforcing the Protective Order.

All such original affidavits shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.     When Confidential Information is produced, disclosed, or otherwise provided by a party in response to any discovery request it will be designated as Confidential Information by imprinting or affixing the word CONFIDENTIAL on the first page or cover of any document produced, or next to or above any response to a discovery request, in a manner that will not interfere with the legibility of the document or response.

8.     Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

9.     A party may object to the designation of certain information as CONFIDENTIAL within 14 days from the receipt of such document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document, or information as to which objection is made. The designating party shall respond within 14 days from receipt of such notice.  If the parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, any party may seek a ruling from the Court with respect

4

to that designation. The document or information shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court.

10.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11.    At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. If the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all other parties with an affidavit confirming the destruction.

12.    The remedy for violations of this Protective Order shall be as follows:

(a)    For willful violation of the Protective Order, the remedy may include sanctions as determined by the Court and private remedies for damages resulting from the breach.

(b)    For non-willful violation of the Protective Order, the remedy is limited to sanctions as determined by the Court.

13.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

5

WHEREFORE, upon a showing of good cause in support of the entry of a Protective

Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulation of the parties is approved and made an Order

of the Court this _2nd_ day of _October_____, 2007.

BY THE COURT:


**STIPULATED AND AGREED TO BY:**

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**


Date: October 2, 2007

s/ Lori M. Moore_____
Lori M. Moore
    RETHERFORD, MULLEN, JOHNSON &
        BRUCE
    121 South Tejon, Suite 601
    Colorado Springs, CO 80903
    719-475-2014 (phone)
    719-630-1267 (fax)
    lmoore@rmjblaw.com (e-mail)
and

Ann P. Kaufman
Rick B. Levinson
    KAUFMAN & LEVINSON, LLC
    90 South Cascade Avenue, #720
    Colorado Springs, CO 80903
    719-447-1511 (phone)
    719-447-1512 (fax)
    whale@kauflev.com (e-mail)
    akaufman@kauflev.com (e-mail)
ATTORNEYS FOR PLAINTIFF

Date: October 2, 2007

_s/ Gordon L. Vaughan_____
Gordon L. Vaughan
Sara Ludke Cook
VAUGHAN & DeMURO
111 South Tejon, Suite 410
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
vnd@vaughandemuro.com (e-mail)
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Ann Phillips Kaufman**
akaufman@kauflev.com; slang@kauflev.com

**Rick B. Levinson**
whale@kauflev.com; slang@kauflev.com

**Lori M. Moore**
lmoore@rmjblaw.com; cbrandon@rmjblaw.com

and I hereby certify that the foregoing was placed in the U.S. Mail, postage prepaid, and addressed to the following:

[none]

_s/ Gordon L. Vaughan_____
Gordon L. Vaughan
VAUGHAN & DeMURO
111 South Tejon, Suite 410
Colorado Springs, CO 80903
719-578-5500 (phone)
719-578-5504 (fax)
vnd@vaughandemuro.com (e-mail)
ATTORNEY FOR DEFENDANTS

7

## ATTACHMENT A

## AFFIDAVIT

STATE OF                         )
                                 )  ss.
COUNTY OF                        )

I, _____, do swear or affirm and state under penalty of perjury that:

     1.    I have read the Protective Order entered in *Foster v. Dougherty, et al.,* in the United States District Court for the District of Colorado, Case No. 06-cv-02052-ZLW-CBS, a copy of which is attached to this Affidavit.

     2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

     3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

     4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

     5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

     SUBSCRIBED AND SWORN to before me this _____ day of _____, 200___ by _____.

WITNESS my hand and official seal.

_____
Notary Public

[SEAL]

_____
My Commission Expires:

8